UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Lexington Division**

| | | |
|---|---|---|
| Richard Tudor | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| EOS CCA | ) | |
| *Assumed name for* | ) | |
| Collecto, Inc. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     CT Corporation System | ) | |
|     306 W. Main Street | ) | |
|     Suite 512 | ) | |
|     Frankfort, KY 40601 | ) | |
| | ) | |
| U.S. Asset Management, Inc. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Paul E. Leary, Jr. | ) | |
|     700 Longwater Drive | ) | |
|     Norwell, MA 02061 | ) | |
| | ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which was enacted to eliminate abusive debt collection practices by debt collectors, and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), which was enacted to ensure fairness, accuracy and privacy of the personal information contained in the files of the credit reporting agencies.

2. Defendant EOS CCA ("EOS") and U.S. Asset Management, Inc. violated the FDCPA by collecting and attempting to collect adding interest and/or fees to a debt that EOS had no legal right to recover from Mr. Tudor. EOS CCA also violated the FCRA by furnishing false

credit information concerning Mr. Tudor to one or more credit reporting agencies.

## JURISDICTION

3. This Court has jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k, the FCRA, 15 U.S.C. §1681p, and 28 U.S.C. § 1367.

## PARTIES

4. Plaintiff Richard Tudor is a natural person who resides in Garrard County, Ky. Mr. Tudor is a natural individual person and a "consumer" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(3), and the FCRA, as defined at 15 U.S.C. § 1681a(c).

5. Defendant EOS CCA ("EOS"), assumed name for Collecto, Inc., is a foreign corporation, the principal purpose of whose business is the collection of debts, operating a debt collection agency with its principal place of business located at 700 Longwater Drive, Norwell, MA 02061.

6. EOS regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6), and a furnisher of credit information within the meaning of the Fair Credit Reporting Act.

7. Defendant U.S. Asset Management, Inc. is a foreign corporation the principal purpose of whose business is the purchase and/or collection of debts, operating a debt collection agency with its principal place of business located at 700 Longwater Drive, Norwell, MA 02061.

8. U.S. Asset Management regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. Like many of his fellow Americans, Mr. Tudor is keenly aware of the importance of his credit score.

10. As explained on Bankrate.com, a person's credit score is important to many major life events: including housing, employment, and credit:

> Today's economy runs on credit. If you want to get a mortgage loan for a house or a student loan to pay for college, or if you just want to put your lunch on a credit card, a company is extending credit to you.
>
> Your creditworthiness is defined by your three-digit credit score and is the key to your financial life. Good credit can be the make-or-break detail that determines whether you'll get a mortgage, car loan or student loan. On the other hand, bad credit will make it more difficult for you to get a credit card with a low interest rate and it will make it more expensive to borrow money for any purpose, says Liz Pulliam Weston, author of "Your Credit Score."
>
> But even if you're not in the market for a loan, good credit can have a major impact, Weston says.
>
> "Your credit information can be a factor in whether or not you can rent a nice apartment, how much you pay for insurance or whether or not you can get a job," she says. Landlords, insurers and employers frequently use credit information as a litmus test to see if the people they are dealing with are reliable and responsible.
>
> Bad credit can suggest you're a risky bet. While bad credit may only show the details of how you deal with debt, some will extrapolate the characteristics from your financial life to other situations and assume that your bad credit implies that you may be just as irresponsible driving a car, taking care of an apartment or showing up for a job, Weston notes.
>
> Good credit can signify that your financial situation—and the rest of your life—is on the right track.[1]

11. In an effort to improve her credit score and rating, Mr. Tudor began reviewing his

---

[1] http://www.bankrate.com/finance/credit-cards/why-is-good-credit-so-important.aspx

credit reports.

12. Mr. Tudor discovered negative credit information furnished by EOS in connection with a debt originated by AT&T Mobility.

13. Mr. Tudor incurred the debt to AT&T Mobility for personal, family, and household purposes, which makes the AT&T debt a "debt" within the meaning of the FDCPA.

14. The negative credit information furnished by EOS stated:

| Account name<br>EOS CCA | Account number<br>4094085 | Recent balance<br>$689 as of<br>09/23/2016 | Date opened<br>08/2012 | Status<br>Collection account.<br>$689 past due as of<br>Sep 2016. | + Dispute |
|---|---|---|---|---|---|
| 700 LONGWATER DR<br>NORWELL, MA 02061<br>855 711 5165<br>Address identification number<br>0406727495<br>Original creditor<br>AT T MOBILITY | Type<br>Collection<br>Terms<br>1 Months<br>On record until<br>Jun 2017 | Credit limit or<br>original amount<br>$584<br>High balance<br>$0<br>Monthly payment<br>$0<br>Recent payment<br>amount<br>$0 | Date of status<br>10/2012<br>First reported<br>10/2012<br>Responsibility<br>Individual | Comment<br>Account information disputed by<br>consumer (Meets requirement of the<br>Fair Credit Reporting Act). | |

15. EOS furnished negative credit information concerning Mr. Tudor and the AT&T debt to one or more consumer reporting agencies for the purpose of collecting a "debt" from him. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

16. The negative credit information furnished by EOS was false because it included $105.00 in additional fees and costs that EOS had no legal right to recover from Mr. Tudor.

17. The negative credit information furnished by EOS was misleading because it failed to identify the current owner of the AT&T debt.

18. AT&T had sold Mr. Tudor's debt to U.S. Asset Management on or before August 2012.

19. EOS reported the negative credit information concerning Mr. Tudor and the

AT&T debt on behalf of U.S. Asset Management in attempt to collect the AT&T debt from Mr. Tudor for U.S. Asset Management.

20. Reporting that AT&T was the original creditor on the debt without identifying U.S. Asset Management as the current owner of the debt was misleading because it falsely implied that EOS was reporting the credit information on behalf of AT&T.

21. In an effort to correct the erroneous credit information regarding the AT&T debt supplied by EOS, on September 8, 2016 Mr. Tudor sent disputes of the credit information supplied by EOS to the three major credit reporting agencies, Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union").

22. Upon information and belief, Equifax, Experian, and Trans Union forwarded notice of Mr. Tudor's dispute to EOS, which thereby triggered EOS's duty under 15 U.S.C. §1681s-2(b) to reinvestigate the AT&T debt.

23. Upon information and belief, EOS failed to conduct a reasonable investigation into Mr. Tudor's dispute concerning the negative credit information concerning Mr. Tudor and the alleged AT&T debt that EOS is furnishing to Equifax, Experian, and Trans Union.

24. EOS falsely verified the accuracy of the disputed negative credit information concerning the alleged AT&T debt to Experian.

25. Upon information and belief, EOS falsely verified the accuracy of the disputed negative credit information concerning the alleged AT&T debt to Equifax and Trans Union.

26. As a result of EOS's failure to conduct a reasonable investigation of Mr. Tudor's dispute, Mr. Tudor suffered actual damages in the form of a lowered credit score and denial of credit.

27. EOS violated the FDCPA by transmitting false credit information concerning Mr. Tudor and the AT&T debt to one or more consumer reporting agencies and by adding interest and/or fees to the AT&T debt that EOS had no legal right to recover from Mr. Tudor.

28. EOS violated the FCRA by failing to conduct a reasonable investigation of Mr. Tudor's dispute after receiving notice of the dispute from Equifax, Experian, and Trans Union and by failing to correct and update false and inaccurate credit information concerning Mr. Tudor and the AT&T debt.

29. U.S. Asset Management violated the FDCPA by adding interest and/or fees to the AT&T debt that EOS had no legal right to recover from Mr. Tudor.

## Claims for Relief

I. **Claims against EOS CCA**

    a. **Fair Debt Collection Practices Act (FDCPA)**

30. The foregoing acts and omissions of EOS CCA constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

    b. **Fair Credit Reporting Act (FCRA)**

31. The foregoing acts and omissions of EOS CCA violate the FCRA.

        i. **Violations of 15 U.S.C. §1681n**

32. After being informed by Equifax, Experian, and Trans Union that Mr. Tudor disputed the accuracy of the information it was providing concerning Mr. Tudor and the AT&T debt, EOS CCA willfully failed to conduct a proper investigation of Mr. Tudor's disputes filed with Equifax, Experian, and Trans Union that EOS CCA was furnishing false negative credit information about Mr. Tudor and the AT&T debt.

33. EOS CCA willfully failed to review all relevant information purportedly provided

by Equifax, Experian, and/or Trans Union to EOS CCA in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

34. EOS CCA willfully failed to direct Equifax, Experian, and Trans Union to delete inaccurate information about Mr. Tudor pertaining to the AT&T debt as required by 15 U.S.C. §1681s-2(b)(C).

35. Mr. Tudor has a private right of action to assert claims against EOS CCA arising under 15 U.S.C. §1681s-2(b).

36. EOS CCA is liable to Mr. Tudor for the actual damages he has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. §1681n.

### ii. Violation of 15 U.S.C. §1681o

37. After being informed by Equifax, Experian, and Trans Union that Mr. Tudor disputed the accuracy of the information it was providing concerning Mr. Tudor, EOS CCA negligently failed to conduct a proper investigation of Mr. Tudor's disputes filed with Equifax, Experian, and Trans Union that EOS CCA was furnishing false negative credit information about Mr. Tudor and the AT&T debt.

38. EOS CCA negligently failed to review all relevant information purportedly provided by Equifax, Experian, and Trans Union to EOS CCA in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

39. EOS CCA negligently failed to direct Equifax, Experian, and Trans Union to delete inaccurate information about Mr. Tudor pertaining to the AT&T debt as required by 15

U.S.C. §1681s-2(b)(C).

40. Mr. Tudor has a private right of action to assert claims against EOS CCA arising under 15 U.S.C. §1681s-2(b).

41. EOS CCA is liable to Mr. Tudor for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. §1681o.

    **II.**    **Claims against U.S. Asset Management**

        **a. Fair Debt Collection Practices Act (FDCPA)**

42. The foregoing acts and omissions of U.S. Asset Management, Inc. constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Richard Tudor requests that the Court grant the following relief:

1. Award Plaintiff actual damages against each Defendant pursuant to the FDCPA and/or FCRA;

2. Award Plaintiff maximum statutory damages against each Defendant pursuant to the FDCPA and/or FCRA;

3. Award Plaintiff punitive damages against EOS CCA pursuant to the FCRA, 15 U.S.C. § 1681n;

4. Award Plaintiff reasonable attorney's fees and costs;

5. Grant Plaintiff a trial by jury on all issues deemed triable; and

6. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James R. McKenzie
James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com